## ROBERT DOBSON v. THE STATE.

1. CRIMINAL LAW. *Altering mark of animal. Insufficiency of evidence.*
    A conviction for the statutory offense of altering the mark of an animal
    will not be warranted upon evidence merely that a sheep belonging to the
    prosecutor was found in the open woods, between his house and defend-
    ant's, with its mark altered to that of the accused. A verdict of guilty
    upon such evidence should have been promptly set aside.

2. VERDICT. *Setting aside. Evidence insufficient.*
    While the trial judge should use due caution not to set his opinion against
    that of the jury, he should not hesitate to set aside any verdict not sup-
    ported by evidence.

FROM the circuit court of Harrison county.

HON. S. H. TERRAL, Judge.

Appellant was indicted for knowingly altering the mark of a
sheep, the property of one Davis. The only evidence adduced on
the trial was that of Davis and two other witnesses, who testified
that they found a lamb running in the open woods, between the
home of Davis and that of the accused, and that the mark of the
lamb had been altered from that of Davis, its owner, to that of
the appellant.

The jury found a verdict of guilty. Motion for a new trial was
overruled, and the defendant was sentenced to one year's imprison-
ment in the penitentiary.

*E. J. Bowers*, for the appellant.

There is nothing in the record to connect appellant with the
alteration of the mark, save the circumstances that it was found
with its former mark changed to that of appellant. This is wholly
insufficient to warrant a conviction. To say that this evidence
renders appellant guilty beyond a reasonable doubt, is to make it
possible to convict the most innocent for acts done by others, and
to shut them off from any defense. It is impossible in such cases
for them to do more than to deny commission of the offense. It
would, in fact, require a defendant to establish his innocence.

While this court will in all cases be somewhat slow to reverse

merely on the facts when the judge below, who heard all the witnesses, declined to grant a new trial, yet this should be done where the evidence falls so far short of proving guilt as it does in this case.

*T. M. Miller*, attorney-general, for the state.

It is submitted to the court whether the jury were warranted in convicting the appellant upon testimony merely to the effect that the mark of prosecutor's sheep was changed to the defendant's mark. I find nothing in the record connecting the appellant with the crime proved, outside the fact of his interest.

CAMPBELL, J., delivered the opinion of the court.

The verdict should have been promptly set aside; indeed the jury might properly have been directed by the court to give a verdict of not guilty. There is no evidence tending to show the guilt of the defendant, and no such a verdict should be allowed to stand. An important factor, influential in determining this court not to disturb verdicts, where there is evidence to sustain them is, that the circuit judge sanctions the verdict by refusing to set it aside, and the presiding judge, while using due caution not to set his opinion against that of the twelve men in the jury-box, in case of disputed facts and discordant witnesses, should not hesitate to set aside any verdict which is not supported by evidence.

*Reversed and remanded.*